PCM 5.3.21
RPG: USAO 2020R00555

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. GLR 21-cr-148 |
| | * | |
| JASON DONEY, | * | (Unlawful Possession of Machineguns |
| | * | 18 U.S.C. 922 (o); Possession of |
| Defendant | * | Unregistered Firearms, 26 U.S.C. § |
| | * | 5861(d); Possession with the Intent to |
| | * | Distribute a Controlled Substance, 21 |
| | * | U.S.C. § 841(a); Possession of a |
| | * | Firearm in Furtherance of a Drug |
| | * | Trafficking Crime, 18 U.S.C. § 924(c); |
| | * | Forfeiture, 18 U.S.C. § 924(d), 28 |
| | * | U.S.C. § 2461(c), and 26 U.S.C. § 5872) |

*******

### INDICTMENT

### COUNT ONE
### (Unlawful Possession of Machineguns)

The Grand Jury for the District of Maryland charges that:

On or about June 28, 2020, in the District of Maryland, the Defendant,

### JASON DONEY,

knowingly possessed the following machineguns as defined by 26 U.S.C. § 5845(a), in violation of Title 18, United States Code, Section 922(o):

1. A modified Spikes Tactical rifle, model ST15, .300 Blackout caliber, bearing serial number NSL116258;

2. A combination of parts commonly referred to as a "drop-in auto sear", with no manufacturer marks or serial number; and,

3. A combination of parts commonly referred to as a "machine gun trigger pack", with no manufacturer marks or serial number.

18 U.S.C. § 922(o)
26 U.S.C. § 5845(a)

## COUNT TWO
### (Possession of an Unregistered Firearm)

The Grand Jury for the District of Maryland further charges that:

On or about June 28, 2020, in the District of Maryland, the Defendant,

### JASON DONEY,

unlawfully and knowingly possessed a firearm as defined in 26 U.S.C. § 5845(a), that is, a cylindrical device, with no manufacturer marks or serial number, capable of diminishing the sound report of a portable firearm, and was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5845(a), 5861(d), and 5871, and Title 18, United States Code, Section 921(a)(24).

26 U.S.C. § 5841
26 U.S.C. § 5845(a)
26 U.S.C. § 5861(d)
26 U.S.C. § 5871
18 U.S.C. § 921(a)(24)

## COUNT THREE
### (Possession of Unregistered Firearms)

The Grand Jury for the District of Maryland further charges that:

On or about June 28, 2020, in the District of Maryland, the Defendant,

### JASON DONEY,

unlawfully and knowingly possessed the machineguns referenced in Count 1 of this Indictment that were not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5845(b), 5861(d), and 5871, and Title 18, United States Code, Section 921(a)(23).

26 U.S.C. § 5841
26 U.S.C. § 5845(b)
26 U.S.C. § 5861(d)
26 U.S.C. § 5871
18 U.S.C. § 922(a)(23)

## COUNT FOUR
### (Possession with the Intent to Distribute a Controlled Substance)

The Grand Jury for the District of Maryland further charges that:

On or about June 28, 2020, in the District of Maryland, the Defendant,

### JASON DONEY,

did knowingly and intentionally possess with the intent to distribute Oxycodone, a Schedule II Controlled Substance.

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

## COUNT FIVE
### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

The Grand Jury for the District of Maryland further charges that:

On or about June 28, 2020, in the District of Maryland, the Defendant,

### JASON DONEY,

did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, possession with the intent to distribute Oxycontin as charged in Count Four of this Indictment, which is incorporated by reference herein.

18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 2

## FORFEITURE

The Grand Jury for the District of Maryland further finds that:

1. All allegations set forth in Counts One through Five are hereby incorporated by reference.

2. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 28 U.S.C. § 2461(c) and the other statutes cited herein, in the event of the Defendant's convictions.

### Narcotics Forfeiture

3. Pursuant to 21 U.S.C. § 853(a), upon conviction of an offense in violation of the Controlled Substances Act, as alleged in Count Four, the Defendant shall forfeit to the United States of America:

    a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and

    b. any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, such offense.

### Firearms and Ammunition Forfeiture

4. Pursuant to 18 U.S.C. § 924(d) and 26 U.S.C. § 5872(a), upon conviction of the offense(s) alleged in Counts One, Two, Three and Five, the Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 26 U.S.C. § 5872(a), any firearms and ammunition involved in such offense(s).

## Substitute Assets

4. Pursuant to 21 U.S.C. § 853(p), if any of the property described above as being subject to forfeiture, as a result of any act or omission by the Defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been comingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the Defendant up to the value of the property charged with forfeiture in the paragraphs above.

## Property Subject to Forfeiture

5. The property to be forfeited includes, but is not limited to, the following:

   a. a modified Spikes Tactical rifle, model ST15, .300 Blackout caliber, serial number NSL116258;

   b. a "drop-in auto sear", with no manufacturer marks or serial number, seized from the Defendant on or about June 28, 2020 in Harford County, Maryland;

   c. a "machine gun trigger pack", with no manufacturer marks or serial number, seized from the Defendant on or about June 28, 2020 in Harford County, Maryland; and,

   d. a cylindrical device, with no manufacturer marks or serial number, seized from the Defendant on or about June 28, 2020 in Harford County, Maryland.

18 U.S.C. § 924(d)

28 U.S.C. § 2461(c)
26 U.S.C. §5872

Jonathan F. Lenzner s/RPG
_____
Jonathan F. Lenzner
Acting United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

5/5/21
Date